**Sinesia Maria RABELO, a.k.a. Maria Rabelo Sinesia, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 10–12239

Agency No. A097–956–106.

United States Court of Appeals, Eleventh Circuit.

Feb. 17, 2011.

Stephen J. Polatnick, Attorney at Law, Miami, FL, for Petitioner.

R. Alexander Goring, Yanal H. Yousef, David Bernal, Eric Holder, Jr., Eric Holder, Jr., Ernesto H. Molina, Jr., Krystal Samuels, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Michelle Ressler, District Counsel's Office Usice, Miami, FL, for Respondent.

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Sinesia Maria Rabelo seeks review of the Board of Immigration Appeals' (BIA) order dismissing her motion to reconsider her second motion to reopen her removal proceedings. On appeal, she challenges only the denial of her *first* motion to reopen her removal proceedings and the merits of the underlying removal order. We lack jurisdiction to consider the denial of Rabelo's first motion to reopen because she failed to exhaust her administrative remedies by filing a timely petition for review of that decision. 8 U.S.C. § 1252(d)(1); *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (noting we lack jurisdiction to consider claims not raised before the BIA). Our review on appeal is thus limited to whether the BIA abused its discretion in affirming the IJ's decision denying the motion for reconsideration of the order denying Rabelo's second motion to reopen. Because Rabelo does not attack the BIA's determination that her second motion to reopen was numerically barred, or present any argument that an exception existed that would overcome the number bar, she has abandoned those arguments. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir.2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Accordingly, we dismiss the petition to the extent that Rabelo seeks to challenge the IJ's underlying order of removal and the denial of her first motion to reopen. We deny the petition to the extent that she challenges the BIA's denial of her motion for reconsideration.

**PETITION DISMISSED IN PART AND DENIED IN PART.**